

**Office of the Attorney General**
**State of Texas**

**DAN MORALES**
ATTORNEY GENERAL

September 12, 1991

Honorable John Hannah, Jr.
Secretary of State
P.O. Box 12697
Austin, Texas 78711-2697

Opinion No. DM-41

Re: Whether a person requesting
records pursuant to the Texas Open
Records Act may dictate the media in
which public information must be pro-
vided and related questions (RQ-46)

Dear Mr. Hannah:

You ask whether a requesting party may specify the form in which public in-
formation must be provided to the public by the secretary of state under the Texas
Open Records Act, article 6252-17a, V.T.C.S. Specifically, you advise that you have
received a request for information regarding corporations maintained by the
secretary of state, and the requestor has specified that he wishes the information to
be provided on "print-image" nine track tape. You ask whether the information
must be provided in the form requested.[1] You characterize your request as a
request for an open records decision under section 7 of the Open Records Act.
However, as you do not dispute the public availability of any requested information
under section 3(a) of that act, we are responding to your questions pursuant to
chapter 402 of the Government Code.[2]

Nine track tape is computer readable magnetic tape used for the storage or

---

[1]You also ask, should we conclude that the print-image nine track tapes must be provided, for
a determination of the charges that may be assessed for the tapes. Additionally, you ask whether the
Open Records Act or sections 405.018 and 405.031 of the Government Code govern access to the
requested information. As will be seen, we find that the print-image tapes need not be released. We
believe this obviates the need to respond to your additional inquiries.

[2]Section 7 of the Open Records Act provides that if a governmental body has received a
request for information which it believes to be within an exception to required public disclosure stated
in section 3(a) of the act, and if there has been no prior determination that the information falls within
an exception, it must request a decision from the attorney general to determine whether the
information is within that exception. Consequently, decisions under section 7 are limited to
considerations necessary for determining whether information may be withheld from public disclosure
under section 3(a).

Nine track tape is computer readable magnetic tape used for the storage or transfer of information. In this instance, you advise that by use of the modifier "print-image", the requestor means that he wishes to receive a nine track tape that includes coded formatting instructions that will facilitate the conversion of the information on the tape to microfiche. You advise that these formatting instructions are not directly relevant to the information on the tape but instruct the computer to arrange the information for printing directly from magnetic tape onto microfiche. These formatting instructions were supplied to the secretary of state by the vendor who converts the information onto microfiche pursuant to state contract. Secretary of state employees then prepared a program that enables the instructions to be added to the nine track tape supplied to the vendor for conversion to microfiche. You advise that the print-image tapes are produced periodically for transmission to the vendor. When the vendor has completed use of this tape, it is reused by the secretary of state's office for other purposes. You do not produce or maintain "print-image" tapes except as necessary for conversion to microfiche.

You advise that the information regarding corporations is currently made available to the public by the secretary of state in seven different ways, to wit: (1) microfilm, (2) microfiche, (3) magnetic tape, (4) on-line access as provided for in section 405.018 of the Government Code, (5) responses to inquiries over the telephone, (6) purchase or inspection of copies of original records, and (7) use of public access terminals. You stand willing to provide access to the requestor in any of these ways.

In Attorney General Opinion DM-30 (1991), we considered whether a county clerk must provide duplicate microfilm of county real estate records for purchase by the public. That opinion concluded that while a county clerk may provide such duplicate microfilm, the law does not impose a duty to do so. Attorney General Opinion DM-30, citing section 9(c) of the Open Records Act, reasoned that the Open Records Act requires governmental bodies to provide "suitable" copies. The opinion stated:

> What form of copies may be 'suitable' could vary depending upon the nature of the requested information. While it is not possible or necessary here to speculate upon every circumstance in which a suitable copy might consist of

some form other than an ordinary paper reproduction, we can point, for example, to records on videotape or audiotape where a paper transcription would be an inadequate substitute for the medium in which the information was originally recorded. With respect to deed records, however, it seems an ordinary paper copy would, in every case, be suitable to convey the information contained in the record to any member of the public.

Attorney General Opinion DM-30 at 3.

Certainly, the seven methods currently used by the secretary of state for providing public access to corporation records are "suitable" for conveying the information in those records to the public. We find nothing with respect to the information requested in this instance that would, as a matter of law, require the secretary of state to add an additional medium or format to its current repertory. *See* Attorney General Opinion JM-672 (1987); Open Records Decision No. 65 (1975). Furthermore, under the facts you present, the *medium* is in fact available to the requestor.[3] Essentially then, what this requestor is seeking is the formatting instructions that allow conversion of the tape to microfiche.

In Open Records Decision No. 581 (1990), this office considered the availability of computer programs used for the maintenance, manipulation, or protection of public property. In that open records decision, it was concluded that where information has no significance other than the maintenance, manipulation, or protection of public property, it is not the kind of information made public by the Open Records Act. The only difference in the magnetic tapes desired by the requestor and the magnetic tapes that you routinely sell is the inclusion of the print-image formatting instructions. These formatting codes are not necessary to the understanding of the information provided on magnetic tape and have no significance other than their use as a tool for manipulating the information to facilitate the production of computer-output microfiche.[4] Accordingly, we think that these format-

---

[3]You supply information on nine track magnetic tape, and the magnetic tapes that are currently available are provided to purchasers with all the information necessary to find and extract the information "fields" within the tape.

[4]We note that the manipulation of the data resulting from the print-image formatting instructions is evident from the fiche themselves, which are available to the public.

ting codes are not "information" independently subject to the Open Records Act. We conclude that the secretary of state is in compliance with the Open Records Act without making corporation information available in an additional format or medium to those currently offered.

## SUMMARY

The seven methods currently used by the secretary of state for providing public access to corporation records are "suitable" for conveying the information in those records to the public. Formatting codes are not "information" independently subject to the Open Records Act. The secretary of state is in compliance with the Open Records Act without making corporation information available in an additional format or medium to those currently offered.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by John Steiner
Assistant Attorney General